269 P.2d 607

**SHUEY v. SHEARMAN.**

No. 5834.

Supreme Court of Arizona.

April 26, 1954.

I. B. Tomlinson, Bisbee, for appellant.

Gentry & Gentry, by James F. McNulty, Jr., Bisbee, for appellee.

UDALL, Justice.

The sole question presented on this appeal is whether a complaint to recover on a contract for drilling a water well on agricultural land to be used for agricultural purposes must allege the driller possessed a contractor's license, in order to state a claim for relief.

208

Glenn L. Shuey, plaintiff-appellant, brought a civil action against J. K. Shearman, defendant-appellee, to recover the reasonable value of services rendered pursuant to a contract between them, in connection with drilling a water well to be used for agricultural purposes on defendant's lands. Defendant successfully moved to dismiss the complaint upon the ground that "plaintiff has failed to allege that he was a duly licensed contractor at the time the contract sued upon was entered into, and at the time the alleged cause of action arose."

Chapter 55, Laws 1951, now appearing as Sections 67–2301 to 67–2325, 1952 Cumulative Supplement, governs contracting. It prohibits a contractor who is required to have a license from maintaining an action for collection of compensation for performance of a contract without alleging and proving that he was a duly licensed contractor, Section 67–2320, 1952 Cumulative Supplement. See: Northern v. Elledge, 72 Ariz. 166, 232 P.2d 111. It is plaintiff's position that he falls within the exemption provisions of Section 67–2303(6), 1952 Cumulative Supplement which declares:

"This article shall not be construed to apply to: * * * 6. construction or operation *incidental* to the construction and repair of irrigation and drainage ditches of regularly constituted districts, reclamation districts, or to *farming,* dairying, *agriculture,* viticulture, horticulture, or stock or poultry raising, or clearing or other work upon land in rural districts for fire prevention purposes, * * *." (Emphasis supplied.)

It was defendant's position that one who contracts to drill a water well, even though the water therefrom is to be used for irrigating agricultural crops, is not exempt from the general licensing provisions, supra. The trial court accepted this latter view, and this appeal followed. The assignments of error challenge the correctness of this holding.

Both parties cite and rely upon certain California decisions that will next be analyzed. The California statute defining contractors, providing for their licensing, and declaring exemptions from the operation of the act is practically identical with ours and their cases construing this act have proved of value in determining this appeal. In Bowline v. Gries, 97 Cal.App.2d 741, 218 P.2d 806, the District Court of Appeal for the Fourth District held that the drilling of a water well for agricultural purposes was not farming. The reasoning of the decision was that while well drilling and furnishing of water supply were ordinarily *incidental* to farming, still this was not farming itself, and a proper grammatical construction of the statute showed the legislature intended only farming, but not operations incidental to farming, to be exempt from the act.

In Machinery Engineering Co. v. Nickel, 101 Cal.App.2d 748, 226 P.2d 78, the District Court of Appeal for the Third District held that construction of a large hay

mill which was intended to be operated as a commercial enterprise to grind hay for all the farmers in the general community, did not come within the terms of the exemption as being either a construction or operation incidental to farming, or as being within the plain, ordinary meaning of the word "farming".

In Kelly v. Hill, 104 Cal.App.2d 61, 230 P.2d 864, the District Court of Appeal for the Fourth District abandoned the construction which they had given the statute less than a year before in the Bowline case, and ruled that construction or operations incidental to farming were exempt from the act. Accordingly, it was held that the trenching, laying, and backfilling of cement pipe on agricultural lands for irrigation purposes was incidental to farming and exempt from the act.

Then followed Fraenkel v. Williamson, Cal.App., 248 P.2d 531, wherein the District Court of Appeal for the First District held the construction of a grain elevator might be found to be incidental to farming and hence exempt from the act. The decision was appealed to the Supreme Court of California, and appears as Fraenkel v. Bank of America Nat. Trust & Sav. Ass'n, 40 Cal.2d 845, 256 P.2d 569. That court examined the Bowline case, supra, and expressly overruled the construction therein given to the exemption statute, declaring that all construction or operations incidental to farming were exempt from the operation of the contractor's licensing law. The court proceeded to discuss the scope of the exemption, and concluded the construction of a grain elevator, if built on a farm and designed to function as an incidental part of that farm's operations, rather than as a commercial enterprise, would fall within the terms of the exemption. Reference was made to the very interesting opinion in Irvine Co. v. California Emp. Comm., 27 Cal. 2d 570, 165 P.2d 908, wherein it was held that workers on a 97,000 acre farm who engaged in specialized services such as installation of irrigation and drainage systems, drilling wells, and repairing pumps and machinery, were engaged in farming within the meaning of the unemployment insurance act. The purpose of the contractors' licensing statute is admittedly quite different, but the "farming exemption" is found in each.

By independent research we discover that the Supreme Court of our sister State of New Mexico in February, 1951, wrestled with the identical problem with which we are here confronted. Our statutes are very similar hence the decision in B. & R. Drilling Co. v. Gardner, 55 N.M. 118, 227 P.2d 627, is most persuasive. The New Mexico contractors' licensing statute had formerly exempted "Any construction or operation incidental * * * to farming, * * *". Laws 1939 N.M. c. 197, § 2(b). The act was amended to read, "This act shall not apply to farming, dairying, agriculture, * * *." 1941 Comp.Laws N.M. § 51–1902. The absence of the word "incidental"

210

was held to have no effect upon the result of the case, the court pointing out that getting water to the soil is as much a part of the farming process in New Mexico as planting the seed.

We hold that the Arizona exemption statute quoted hereinbefore does not require one who drills a water well to furnish water for agricultural purposes to be a licensed contractor. Therefore, the trial court is directed to reinstate the plaintiff's complaint and permit the parties to proceed to trial on the merits.

Reversed with directions.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.