No. 12391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

RALPH GILDROY, an individiual citizen,
and the South Central Montana Development
Federation, an unincorporated association
of counties, acting by and through its Board
of Directors,

                    Plaintiffs and Appellants,

vs.

FORREST H. ANDERSON, Governor of the State
of Montana,

                    Defendant and Respondent.

_____

Appeal from:   District Court of the First Judicial District,
               Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellants:

        Hickman and Moore, Harlowton, Montana
        Perry J. Moore argued, Harlowton, Montana
        Charles Maris, Roundup, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Charles Dickman, Assistant Attorney General, argued,
         Helena, Montana

_____

                         Submitted:  March 1, 1973

                          Decided: MAR 2 8 1973

Filed:  MAR 2 8 1973

_____
                        Clerk

PER CURIAM:

This appeal is taken from an order of the district court of Lewis and Clark County granting a motion to dissolve a temporary restraining order, originally issued by the district court of Musselshell County, and granting motion to dismiss.

Plaintiffs and appellants, Ralph Gildroy and the South Central Montana Development Federation, initiated this litigation in the district court of Musselshell County, and on September 3, 1971, that court issued a temporary restraining order enjoining Governor Forrest Anderson from implementing Executive Order No. 2-71. Governor Anderson filed a motion for change of venue to Lewis and Clark County and a motion to dismiss. The motions were denied by the Musselshell County district court and that denial was appealed to the Montana Supreme Court. This Court vacated the district court order and ordered the cause transferred to Lewis and Clark County. On September 6, 1972, the Lewis and Clark County district court entered the order from which this appeal is taken.

There appears to be no dispute as to the facts. South Central Montana Development Federation is a private unincorporated association of persons from Wheatland, Golden Valley, Musselshell, Sweet Grass, Stillwater, Carbon, Yellowstone and Big Horn Counties, whose purpose is stated to be promotion of economic and social development in those counties. It appears a "Board of Trustees" controls the Federation and that Ralph Gildroy is a member trustee for Musselshell County.

Senate Joint Resolution No. 13 adopted by the 42nd Montana Legislative Assembly in February 1971, was entitled:

"A JOINT RESOLUTION OF THE SENATE AND HOUSE OF REPRESENTATIVES OF THE STATE OF MONTANA RESPECT-FULLY URGING THE HONORABLE FORREST H. ANDERSON, GOVERNOR, AND THE STATE DEPARTMENT OF PLANNING AND ECONOMIC DEVELOPMENT TO RETAIN THE SOUTH-CENTRAL MONTANA DEVELOPMENT FEDERATION INTACT."

It provided in pertinent part:

> "That it is the wish of the Montana state senate
> and house of representatives that the south-central
> Montana development federation continue as it is
> presently constituted [naming the eight member counties]
> and that it not be divided for purposes not related
> to the economic and social well-being of the people
> of the area".

In August 1971, Governor Anderson issued Executive Order No. 2-71 dividing the fifty-six counties of the State of Montana into twelve multi-county districts, stating in pertinent part:

> "A consistent use of districts is also needed for
> effective coordination of a wide range of federal-aid
> programs, and to meet the objectives of the Office of
> Management and Budget, Executive Office of the Presi-
> dent, for implementation of federal acts providing
> state assistance in planning, housing, education, wel-
> fare, community development, environmental protection
> and other fields".

Three counties of the Federation, Musselshell, Wheatland and Golden Valley were placed in District 6 along with Fergus, Judith Basin and Petroleum Counties. The rest of the Federation counties were placed in and comprised District 7, under Executive Order 2-71.

The Federation and Mr. Gildroy assert that the governor did not heed the wishes of the legislature in districting under Executive Order 2-71 and assign two issues for review:

1. Whether a Joint Legislative Resolution has any force and effect or whether it is a nullity.

2. Whether Senate Joint Resolution No. 13 directed the governor to refrain from a particular act.

Considering the second of the two presented issues, we find, from an examination of Senate Joint Resolution No. 13, that its directive portion merely states:

> "* * * it is the wish of the Montana senate and house
> of representatives that the south-central Montana
> development federation continue as it is presently
> constituted * * * and that it not be divided for
> purposes not related to the economic and social well-
> being of the people of the area ".   (Emphasis added)

It is a judicial principle too often repeated to require citation, that courts in construing a statute or rule will give effect to the plain language used in its ordinary meaning and

- 3 -

consider the statute in its entirety to determine legislative intent. Although Senate Joint Resolution No. 13 is neither a statute nor a rule, this principle nonetheless applies.

A fair and reasonable reading of the entire Senate Joint Resolution No. 13 indicates to this Court: (1) That it is not a directive, and (2) that it does not preclude the action taken by the Governor in Executive Order 2-71.

Perhaps, as appellants suggest, the use of term "wish" is attributable to poor draftsmanship. However, that does not make "wish" synonymous with "direct".

We do not believe the South Central Montana Development Federation cannot now "continue as it is presently constituted." Executive Order 2-71 is directed only to "all _state_ agencies, departments, boards, commissions, divisions, bureaus, offices and other _state_ governmental entities." The order is not directed to counties or municipalities, nor is it directed toward private individuals or unincorporated associations such as appellants herein. Executive Order 2-71 does not divide the South Central Montana Development Federation; it does provide geographic districts for use by state agencies.

Appellants' issue concerning whether a joint legislative resolution is a nullity, is not susceptible to a universally applicable answer. Appellants point out that joint legislative resolutions can properly be used for such purposes as to ratify amendments to the United States Constitution, create committees whose terms continue beyond the adjournment of the legislature, and direct that studies or inventories be made by the legislative council. Respondent points out that joint legislative resolutions do not have the force and effect of a general law, citing State ex rel. Peyton v. Cunningham, 39 Mont. 197, 103 P. 497.

The effect and validity of a joint legislative resolution must be decided upon a consideration of the purpose intended to be accomplished and in light of the applicable provisions of the Montana Constitution.

- 4 -

Article VII, Section 1, of the Montana Constitution provides that the governor "shall perform such duties as are prescribed in this constitution and by the laws of the state."

A joint legislative resolution is not a general law and cannot be used to control the discretion of the governor.

The order appealed from is affirmed.