PIERCE PACKING COMPANY, A MONTANA CORPORATION, PETITIONER, v. THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF YELLOWSTONE, THE HONORABLE CHARLES B. SANDE, A JUDGE THEREOF, RESPONDENT.

No. 14102.
Submitted May 12, 1978.
Decided May 23, 1978.
579 P.2d 760.

David A. Veeder (argued), Billings, for petitioner.

Hooks & Sherlock, Townsend, Patrick F. Hooks (argued), Townsend, for respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an original proceeding seeking a writ of prohibition from this Court to vacate and annul certain orders of respondent District

Court in cause # 68421 in that court. On January 9, 1978, we granted a writ of prohibition. Thereafter respondent sought a rehearing which we granted on February 1, 1978. This is our opinion following rehearing.

The District Court action to which this proceeding relates is an action by Pierce Packing Company against Western Insulfoam Corporation for damages based in breach of warranty and strict liability in tort. Following a trial without a jury, judgment was entered on October 17, 1977 in favor of Pierce Packing Company against Western Insulfoam Corporation in the sum of $352,514.44, plus costs. Notice of entry of judgment was mailed by plaintiff's counsel to counsel for defendant on October 18 but no notice of entry of judgment was served by the clerk of the District Court as required by Rule 77(d), M.R.Civ.P.

On October 28 the District Court granted Western Insulfoam's ex parte motion for an extension of time to file post-trial motions. Within the extended time period, Western Insulfoam filed its post-trial motions: a motion for new trial; a motion to amend and supplement the findings and conclusions of the District Court; a motion to alter or amend the judgment; and a motion for a stay of execution on the judgment pending appeal. Pierce Packing Company then filed a motion to strike as untimely all of Western Insulfoam's post-trial motions.

Following hearing, the District Court denied all of Western Insulfoam's post-trial motions except the motion to stay execution on the judgment which was granted. Western Insulfoam then filed its notice of appeal from the judgment in cause # 68421 in the District Court.

Pierce Packing Company then filed an application in this Court seeking a writ of prohibition to vacate and annul (1) the District Court's order of October 28 extending the time for filing post-trial motions, (2) the District Court's order denying its motion to strike all post-trial motions as untimely, and (3) the District Court's order staying execution of the judgment.

The sole issue in the original proceeding before this Court is

whether a writ of prohibition should be issued, the effect of which would deny Western Insulfoam an appeal from the judgment rendered against it.

The thrust of the argument of petitioner is that the Rules of Civil Procedure are meaningless unless enforced and counsel is entitled to rely on their enforcement as written; that these Rules do not permit the District Court to extned the time for filing post-trial motions and the District Court's order granting such extension, hearing and subsequent orders are nullities; therefore the filing of the notice of appeal came too late and the appeal must be dismissed for lack of jurisdiction.

We agree that counsel is entitled to rely on the Rules of Civil Procedure as written. We also agree that the Rules of Civil Procedure are meaningless unless enforced. But we disagree that such enforcement entitles petitioner to the relief it seeks.

The genesis of the problem in this case is that nobody observed the requirements of the Rules of Civil Procedure. Both counsel and the District Court violated the Rules as written. Under such circumstances, we will apply and enforce the Rules as written in determining the outcome of this case.

Counsel for Western Insulfoam violated Rule 6(b), M.R.Civ.P. by applying for an extension of time to file post-trial motions; the District Court violated the same rule by granting such extension. Rule 6(b) expressly provides that the District Court may not extend the time for taking any action under Rules 52(b) and 59(b). Rule 52(b) requires a motion for amendment of findings, for additional findings, and for amendment of judgment to be filed within 10 days after notice of entry of judgment. Rule 59(b) requires a motion for new trial to be filed within 10 days after service of notice of entry of judgment. This Court has strictly enforced these 10 day limits. See: *Cain v. Harrington*, (1973), 161 Mont. 401, 506 P.2d 1375; and, *Leitheiser v. Montana State Prison*, (1973), 161 Mont. 505 P.2d 1203.

Counsel for Pierce Packing Company violated Rule 77(d), M.R.Civ.P., by giving notice of entry of judgment himself rather

than having the clerk of court serve notice of entry of judgment as required by the Rule. We have held that where proper service of notice of entry of judgment is not made in accordance with the Rule, then the 30 day period for filing of notice of appeal, under Rule 5, M.R.App.Civ.P., does not commence to run until proper service is made. *Haywood v. Sedillo*, (1975), 167 Mont. 101, 535 P.2d 1014.

Petitioner argues that the intent of Rule 77(d) was fulfilled as opposing counsel actually received notice of entry of judgment from him and that such additional service is expressly authorized by Rule 77(d). Be that as it may, where counsel for petitioner seeks to enforce the technical requirements of the Rules against opposing counsel, we will apply the same standard to petitioner and require the same technical compliance of him.

The history of Rule 77(d) is illuminating. Prior to its amendment in 1975, this Rule required notice of entry of judgment to be served by the prevailing party. The 1975 amendment required such notice to be served by the clerk and required the clerk to make a note in the docket of such mailing. The purpose of this change was to substitute reliable documentary proof of mailing by a public official for the interminable wrangling between counsel concerning whether prevailing counsel had in fact mailed the notice of entry of judgment to opposing counsel and if so, on what date.

We apply the rules of statutory construction to the 1975 amendment of Rule 77(d). In statutory construction, it is presumed that when the legislature amends a statute, it intends to make some change in existing law. *State ex rel Jones v. Giles*, (1975), 168 Mont. 130, 541 P.2d 355; *State ex rel Irvin v. Anderson*, (1974), 164 Mont. 513, 525 P.2d 564. Prior to the amendment, the prevailing party was required to serve notice of entry of judgment; after amendment, the clerk of court was required to serve notice of entry of judgment by mailing and to make a docket entry showing this. In construing the Rules of Civil Procedure we give effect to the plain language used in its ordinary meaning and consider the Rule being construed in its entirety to determine the intent of the

drafters. *Gildroy v. Anderson*, (1973), 162 Mont. 26, 507 P.2d 1069.

■ Therefore, since Western Insulfoam never received the required notice from the clerk of court of entry of judgment, the District Court committed no error in denying petitioner's motion to strike; ruling on Western Insulfoam's post-trial motions; and granting a stay of execution of judgment. For the same reason, Western Insulfoam's notice of appeal was timely filed and this Court has jurisdiction to hear and determine that appeal on its merits.

The application for writ of prohibiton is denied.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.