No. 14233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

DONALD R. McGEE,

Plaintiff and Appellant,

-vs-

BURLINGTON NORTHERN, INC., a corporation,

Defendant and Respondent.

Appeal from: District Court of the Eighth Judicial District,
Honorable Nat Allen, District Judge presiding.

Counsel of Record:

For Appellant:

John C. Hoyt argued, Great Falls, Montana

For Respondent:

Gough, Shanahan, Johnson and Waterman, Helena, Montana
Cordell Johnson argued, Helena, Montana

Submitted: October 12, 1978

Decided: OCT 2 0 1978

Filed: OCT 2 0 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from an order of the District Court, Cascade County, setting aside a satisfaction of judgment.

On November 15, 1977, this Court affirmed a jury verdict of $618,000 in favor of plaintiff in his personal injury action against defendant. McGee v. Burlington Northern (1977), ____ Mont. ____, 571 P.2d 784, 34 St.Rep. 1304.

On or about December 7, 1977, negotiations began between counsel for both parties to reach a mutually agreeable satisfaction of the judgment. In the course of these negotiations, defendant offered plaintiff $490,000 to satisfy the judgment. Allegedly this amount, plus $171,306.04 obtained by plaintiff through executions on defendant's property, covers the full amount of the judgment with interest, and awards plaintiff his costs. Plaintiff accepted the offer. On December 9, 1977, defendant gave plaintiff's counsel a check for $490,000 in return for a satisfaction of judgment. Defendant thereafter filed the satisfaction of judgment with the District Court.

Shortly after plaintiff's counsel had received defendant's check, cashed it and distributed the proceeds, defendant informed him that it was going to stop payment on the check. Defendant told plaintiff's counsel that it was going to stop payment because it had overpaid plaintiff $10,000. Defendant stated that in arriving at the $490,000 figure, it had overlooked $10,000 in advances given plaintiff in 1971 and 1972, which he had agreed to repay. Plaintiff's counsel told defendant that it could not stop payment on the check, because it had been cashed and the proceeds distributed.

Thereafter on December 28, 1977, defendant filed a motion under Rule 60(b), M.R.Civ.P., to have the satisfaction

of judgment set aside on the grounds of mistake and seeking restitution of the $10,000 allegedly overpaid to plaintiff. The District Court ordered the motion submitted on briefs. Briefs were submitted by both sides. The District Court granted defendant's motion setting aside the satisfaction of judgment. Plaintiff now appeals from that order.

In his appeal, plaintiff has raised five separate issues for our consideration. We will discuss these issues in their broader context. Accordingly, we restate the underlying issue in this manner:

Was it proper for the District Court to set aside the satisfaction of judgment through a motion under Rule 60(b), M.R.Civ.P.?

Rule 60(b) supplies a procedure whereby a party upon motion can be relieved from a "final judgment, order or proceeding" for certain specific reasons. One of the reasons that is available to a party is "mistake". Defendant argues that it was upon this ground that it made its motion.

Rule 60(b)(5) provides that a party may be relieved from a final judgment upon a showing that it has been satisfied. The rule does not specifically provide that a satisfaction of judgment is a final judgment, order or proceeding from which relief may be obtained.

If this rule were intended to be used in the manner defendant used it, the rule would not provide that a ground for relief from a judgment is to show that it has been satisfied. We hold that the District Court erred in granting defendant's motion under Rule 60(b).

Our interpretation of Rule 60(b) is bottomed on what we consider the intent of the drafters. In construing the Rules of Civil Procedure, we apply the rules of statutory construc-

tion.  Pierce Packing Company v. District Court (1978), _____

Mont. _____, 579 P.2d 760, 35 St.Rep. 656.  We give effect to

the plain language used in its ordinary meaning and consider

the rule in its entirety to determine the intent of the

drafters.  Pierce Packing Company v. District Court, supra;

Gildroy v. Anderson (1973), 162 Mont. 26, 507 P.2d 1069.  By

giving effect to the plain language used in Rule 60(b) and

considering the rule in its entirety, we believe the intent

of the drafters was that a satisfaction of judgment could not

be set aside by a motion under this rule.

Our decision here does not mean that a satisfaction of

judgment cannot be set aside.  It may be vacated by appropriate

proceedings for proper cause.  Such proceedings are governed

by equitable rules.  47 Am Jur 2d Judgments §1032,

We hold that such appropriate proceedings are an inde-

pendent action in equity.  As the Utah Supreme Court has said:

> ". . . This act [filing a satisfaction of judg-
> ment] became fait accompli, and could be undone
> only by a conventional action in equity, claim-
> ing fraud, mistake, undue influence, with regular
> service of process, appropriate specificity as
> basis for invocation of equity, and the rest of
> the trimmings."  [Bracketed material added.]
> Utah C.V. Federal Credit Union v. Jenkins (Utah
> 1974), 528 P.2d 1187, 1189.

If defendant desires to have the satisfaction of judgment

vacated, it must proceed in this manner.

Counsel for plaintiff also claims that the attorney-client

relationship between him and plaintiff terminated upon the

satisfaction of judgment.  He then argues that service of the

motion upon him rather than plaintiff was improper.  Under the

facts of this case, we find no merit to this argument.

Counsel for plaintiff appeared in the action in the Dis-

trict Court to argue against the motion of defendant.  His

filing of a brief in opposition to the motion constituted a

general appearance. This Court has said that when a duly licensed attorney makes an appearance in a proceeding, his appearance is presumptive evidence of his authority to represent the person for whom he appears. Coleman v. District Court (1947), 120 Mont. 372, 186 P.2d 91. Counsel for plaintiff will not now be heard to claim that the attorney-client relationship had terminated.

Finally, counsel for plaintiff has requested this Court to impose sanctions upon defendant under Rule 32, M.R.App.Civ.P. He argues that under this rule, we can impose sanctions upon defendant for instituting this action without reasonable grounds for it. We disagree.

Rule 32 provides that sanctions may be imposed upon a party for bringing a frivolous appeal. The sanctions are authorized against an appellant, not a respondent in whose favor the District Court ruled. By no stretch of the language can damages be awarded against a respondent under the plain language of Rule 32.

The order of the District Court setting aside the satisfaction of judgment under Rule 60(b), M.R.Civ.P., is vacated and the satisfaction of judgment is reinstated.

_Frank J. Haswell_
Chief Justice

We Concur:

_Gene B. Daly_

_____

_____

_John C. Sheehy_
Justices

-5-