## GEORGE D. McMAHON,
### Claimant and Appellant,
v.
## THE ANACONDA COMPANY,
### Employer
### and THE ANACONDA COMPANY,
### Defendant and Respondent.

No. 81-34.
Submitted June 11, 1981.
Decided Aug. 5, 1981.
194 Mont. 546.

Please see *McMahon v. Anaconda Co.,* 194 Mont. 300.

Charles M. Cruikshank III, Great Falls, Alan L. Joscelyn, Helena, for appellant.

Jerry W. Schuster, Great Falls, for respondent.

JUSTICE SHEEHY delivered the Opinion of the Court.

Employer-respondent, The Anaconda Company, has moved this Court to dismiss the appeal of George D. McMahon, claimant, from an adverse decision against him in the Workers' Compensation Court on the grounds that his notice of appeal was not timely filed.

McMahon, on his part, has filed a motion in this Court to stay or suspend proceedings upon this appeal pending action by the Workers' Compensation Court upon his motion in that court to extend his time for filing the appeal in this cause.

The Department of Labor and Industry was created under the Executive Reorganization Act of 1971. See section 2-15-1701, MCA. Within the department is a division of workers' compensation, which is allocated to the Department of Labor and Industry for administrative purposes only. Section 2-15-1702, MCA. The division of workers' compensation is empowered, among other things, to determine dis-

putes as to liability of employers and their insurers for workers' compensation benefits under the Workers' Compensation Act, § 39-71-910, MCA, and also to determine entitlement to benefits upon a claim by an employee under the Occupational Disease Act. Section 39-72-402, MCA.

The workers' compensation judge is an office separate and apart from the division of workers' compensation, although the operating expenses of the workers' compensation judge are paid out of the workers' compensation administration fund. Sections 39-71-2901, and 39-71-2902, MCA. Any party who has a dispute concerning benefits under the Workers' Compensation Act may petition the workers' compensation judge for a determination of the dispute. Section 39-71-2905, MCA. The workers' compensation judge also handles appeals from final determinations of the division, under the Occupational Disease Act. Section 39-72-612, MCA.

McMahon is currently pressing two claims for benefits, apparently upon the same set of facts: one for workers' compensation benefits, and the other for benefits under the Occupational Disease Act. As far as our record here shows, the claim for occupational disease benefits has not progressed beyond the division of workers' compensation. On the other hand, his claim for benefits under the Workers' Compensation Act has been denied by the workers' compensation judge under an order dated December 17, 1980. McMahon's appeal from the adverse ruling on his workers' compensation benefits has brought about the procedural muddle with which we are now confronted.

First a chronicle of the record events which gave rise to the motions considered here:

*December 17, 1980:* The workers' compensation judge made findings of fact, conclusions of law and judgment, all in one instrument, to which was attached a certificate of mailing to counsel for all parties on December 17, 1980, by the clerk of the Workers' Compensation Court, Virginia Lee Broughton. On the first page of the instrument is a stamped notation, "Docketed—December 17, 1980—Virginia Lee Broughton, Clerk, Workers' Compensation Court, State of Montana." No indication of docketing, by stamp or otherwise, appears on the face of the *certificate of service* by mailing executed by the clerk of the court.

*January 21, 1981:* McMahon filed notice of appeal to the Montana Supreme Court from the order of the workers' compensation judge of

December 17, 1980. On the original thereof appears the stamped notation, "Docketed-January 21, 1981-Virginia Lee Broughton, Clerk, Workers' Compensation Court, State of Montana."

Attached to the notice of appeal is a certificate of mailing of the notice of appeal by the clerk of the Workers' Compensation Court on January 22, 1981.

*January 23, 1981:* The notice of appeal and the attached certificate were filed with the clerk of the Montana Supreme Court.

*March 4, 1981:* On this date, the Montana Supreme Court entered an order, reciting that it had received from McMahon a motion to extend the time to file appellant's brief on the grounds that the companion case under the Occupational Disease Act would be ripe for appeal in 60 to 90 days. The order of the court directed employer-respondent to file a response to the motion for extension of time.

*March 17, 1981:* Employer-respondent filed a motion to dismiss McMahon's appeal upon the ground that his notice of appeal had not been timely filed and this Court was without jurisdiction of the appeal.

*March 17, 1981:* Employer-respondent also filed an instrument indicating it had no objection to the enlargement of time for filing briefs requested by the employee if this Court found that it had jurisdiction of McMahon's appeal.

*April 17, 1981:* An affidavit was filed with the clerk of the Montana Supreme Court. The affidavit of Virginia Lee Broughton, the clerk of the Workers' Compensation Court was dated April 16, 1981. In it, the clerk recited that on January 21, 1980, she received a telephone call from Peggy E. Martin, secretary to an attorney for McMahon. The affidavit states that the clerk was informed by the secretary that she was calling to ask "when notice of entry of judgment in Mr. McMahon's Workers' Compensation case would be filed so that the time for appeal would begin to run. There is no judgment book kept by the clerk of the Workers' Compensation Court and there could be no notice of entry of judgment as there was no judgment book in which to enter judgment."

*April 23, 1981:* McMahon filed in the Montana Supreme Court his motion to stay or suspend proceedings in this Court, pending action on his motion in the Workers' Compensation Court. He also objected to employer-respondent's motion to dismiss McMahon's appeal. In support of his motion to stay or suspend proceedings, McMahon attached to his motion a copy of a motion that he had presented to

the Workers' Compensation Court in his cause, on April 14, 1981, asking the Workers' Compensation Court to extend his time to file notice of appeal on the ground of McMahon's excusable neglect.

From the preceding recitation, it will be seen that McMahon has two pending motions before this Court, (1) to stay proceedings herein until he can get from the Workers' Compensation Court an order extending the time for filing a notice of appeal based on McMahon's excusable neglect, and (2) his motion to enlarge the time for filing his brief so as to coincide with any appeal from an adverse decision which he may receive in his claim for benefits under the Occupational Disease Act.

Anaconda's responses to these motions are that it has no objection to enlargement of the time to file appellant's brief to coincide with an appeal from the Occupational Disease Act, if we otherwise have jurisdiction; but Anaconda objects to the motion to enlarge time to procure an order from the Workers' Compensation Court extending the time for filing notice of appeal upon the ground that such a motion is not timely: The workers' compensation judge is without jurisdiction to grant such an order, we are without jurisdiction to grant such an order, and in any event, McMahon cannot show excusable neglect to justify the extension of time requested by McMahon.

As to McMahon's requests for stay or enlargement of time and Anaconda's objections thereto, it is enough to say without extended discussion that we would be disposed to suspend the requirements or provisions of the Rules of Appellate Civil Procedure and order appropriate proceedings in the appeal, under Rule 3, M.R.App.Civ.P., if we first determine that we have jurisdiction of the appeal. This is in spirit with the provisions of Rule 4(a), M.R.App.Civ.P., that the failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which, of course, may include dismissal of the appeal.

We proceed therefore to consider the principal issue here, whether the notice of appeal was timely filed so as vest jurisdiction of the appeal in this Court. Rule 4(a), M.R.App.Civ.P.

Anaconda relies on these statutes and rules in objecting to McMahon's appeal: § 2-4-623, MCA, § 39-71-2903, MCA; § 39-71-2904, MCA; Rule 19, Workers' Compensation Court (now § 2.52.222 A.R.M.); Rule 4(a), Rule 5, Rule 20(a), Rule 21(a) and 21(c), M.R.App.Civ.P. In essence Anaconda is contending that the Workers' Compensation Court is governed by the Montana Administrative

Procedure Act under § 39-71-2903, MCA; that § 2-4-623, MCA, under the Administrative Procedure Act provides that parties are to be notified of the agency's decisions personally or by mail, which provision is similar to Rule 77(d), M.R.Civ.P.; that the Workers' Compensation decision on McMahon became final on December 17, 1980, under former Rule 19 of the Workers' Compensation Court rules; that under *Dumont v. Wickens Bros. Const. Co.* (1979), [183 Mont. 190,] 598 P.2d 1099, 36 St.Rep. 1471, McMahon was entitled to 30 days from December 17, 1980 and three additional days for mailing so that the final date for filing his notice of appeal would have been January 19, 1981. Inasmuch as the notice of appeal was filed on January 21, 1981, Anaconda's position is that the notice of appeal was not timely filed and jurisdiction is not vested in this Court.

McMahon does not directly counter Anaconda's contention regarding notice of appeal. Instead, he relies upon his motion now pending before the Workers' Compensation Court for an enlargement of time in which to file his notice of appeal. He contends that the filing of the notice of appeal on January 21, 1980, had the effect of staying the running of the time under Rule 5, M.R.App.Civ.P. and that his motion to the Workers' Compensation Court upon the grounds of excusable neglect to enlarge the time for filing of appeal may be granted by the Workers' Compensation Court and his appeal perfected accordingly.

As we view it, the contentions of both parties miss the mark in determining the question of our jurisdiction here. Small wonder, because the parties are groping in the uncharted territory of procedural rules on appeals from the workers' compensation judge; an area, it must be confessed, which we did little to map out in some of our statements in *Dumont v. Wickens Const. Co.*, supra.

The statutory key to an appeal of this kind should be § 39-71-2904, MCA, which provides that an appeal from a final decision of the workers' compensation judge shall be filed directly with the Montana Supreme Court "in the manner provided by law for appeals from the district court in civil cases." Unfortunately, that simple statement does not take into account the difference in practice and procedure between cases appealed from the workers' compensation judge and cases arising from a district court.

When appeals are taken from a district court in civil cases, under Rule 5, M.R.App.Civ.P., the notice of appeal must be filed within 30 days from the entry of the judgment or order, or 30 days from the service of notice of entry of judgment under Rule 77(d), M.R.Civ.P. which provides:

*"Rule 77(d). Notice of orders for judgments.* Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers." (Emphasis added.)

It is at this point that the affidavit of Virginia Lee Broughton, the Workers' Compensation Court clerk, becomes important. She recites that there is no judgment book in the Workers' Compensation Court, and there could be no *notice of entry of judgment* as there is no judgment book in which to enter the judgment. In the district court, on the other hand, the district court clerk keeps a judgment book in which judgments are entered and docketed. Section 25-9-301, MCA.

In appeals from district courts in civil cases, it is the service of the notice of *entry of judgment* in the judgment book which starts the time running for a notice of appeal under our Montana practice. In *Pierce Packing Co. v. District Court, Etc.* (1978), 177 Mont. 50, 579 P.2d 760, we held that it was the duty of the clerk of court to serve notice of entry of judgment, and even though the notice of entry of judgment in that case had been served by counsel for the prevailing party in the district court, such notice not served by the clerk was insufficient to start the 30-day period running. In *Haywood v. Sedillo* (1975), 167 Mont. 101, 535 P.2d 1014, we held that if no notice of entry of judgment has been served upon the losing party, the right to appeal has not expired and that the date of service of the *notice of entry of judgment* is the arbitrary point in time from which the time limits for appeal begin to run.

When, therefore, the framers of the legislation establishing a workers' compensation judge provided for an appeal from his decisions, they inadvertently left unclear the beginning point in time for the filing of a notice of appeal from a decision of the workers' compensation judge. There is no need for the workers' compensation judge to keep a judgment book, or to direct the entry of judgment in a docket kept by him. When he has concluded his disposition of a dispute as to benefits, he simply turns the file over to the Workers' Compensation Division for further handling in accordance with his decision.

Had this case come to us on an appeal from a district court in a civil matter, therefore, we would be required to hold that because service of notice of entry of judgment had not been made by the clerk, the time for appeal had not begun to run, and a notice of appeal filed 35 days after the order, rather than 33 days, was timely. It is not the fault of either party to this case, nor indeed of the workers' compensation judge nor the clerk, that § 39-71-2904, MCA, gives us no better guidelines for the filing and service of notice of appeal. In the absence of express direction from the legislature, justice requires us to hold that the filing of the notice of appeal by McMahon in this case was timely and that this Court is vested with jurisdiction of his appeal. Accordingly, we deny the motion of Anaconda to dismiss the appeal.

Our duty with respect to appeals from the workers' compensation judge does not end at that point, however. That court is entitled to finality as to its judgments in the same manner as district courts. We must take into account the procedural differences necessarily existing between practice before the Workers' Compensation Court and practice before the district court. We therefore declare that from and after the date of promulgation and publication of this opinion, until the legislature shall direct otherwise, under the powers granted to us to make rules governing appellate procedure, 1972 Mont. Const., Art. VII, § 2, the date that a decision becomes final under Rule 19 of the Workers' Compensation Court Rules (now § 2.52.222 A.R.M.) shall be the date that this Court considers as the starting point for the running of the period for filing notice of appeal, provided that a copy of the judge's findings, conclusions and judgment is served by the clerk of the Workers' Compensation Court in the manner followed in this cause.

Having determined that this Court does have jurisdiction of the appeal, we have little difficulty in determining and, indeed, in this we have the assent of Anaconda, that appropriate orders may be made by us looking to the final decision in the Workers' Compensation Court of McMahon's claim for occupational disease benefits.

Accordingly, the motion of Anaconda to dismiss McMahon's appeal is hereby denied. Further proceedings in this appeal are stayed, not to exceed 120 days from the date hereof unless earlier terminated by order of this Court or the filing of appellant's briefs. Thereafter, proceedings shall occur as provided in the Montana Rules of Appellate Civil Procedure. No costs to either party to this point in the appeal.

CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON, MORRISON, SHEA and WEBER concur.