[No. 7130–8–III.   Division Three.   July 3, 1986.]

MIKE'S RENTAL MACHINERY, INC., *Plaintiff*, STAR RENTALS, INC., ET AL, *Respondents*, v. CORBETT DRAW FARMS, INC., ET AL, *Defendants*, L. SHEFFELS & SON, INC., *Appellant.*

*Matthew K. Sanger* and *Salina, Sanger & Gauper,* for appellant.

*Pauline V. Smetka* and *Helsell, Fetterman, Martin, Todd & Hokanson,* for respondents.

THOMPSON, J.—L. Sheffels & Son, Inc. (Sheffels), appeals a summary judgment order foreclosing mechanics' liens against its leasehold estate. We affirm.

Sheffels leases certain farmland from Corbett Draw Farms, Inc., a limited partnership. L. Jerald Sheffels is a general partner of Corbett Draw Farms, Inc., and a director of Sheffels. On May 4, 1983, Sheffels contracted with Raymond G. Kachelmier, d/b/a Basin Farm Systems, to construct a steel building on Sheffels' property. Kachelmier is an unregistered and unlicensed general contractor.

Mike's Rental Machinery, Inc., Star Rentals, Inc., and Central Washington Concrete, Inc. (the materialmen), supplied equipment and materials for the job at Kachelmier's request. Although Sheffels paid Kachelmier, the building was not completed and the materialmen were not paid.[1] Kachelmier subsequently filed bankruptcy.

The materialmen filed liens against Sheffels' leasehold interest, and instituted lien foreclosure actions which were consolidated on August 20, 1983. Star Rentals and Central

---

[1]Central Washington Concrete received a partial payment of $3,944, leaving a balance of $3,248.10.

Washington Concrete moved for summary judgment, and Sheffels moved for summary judgment to dismiss all three claims. The court denied Sheffels' motion and granted those of the materialmen.

Since these proceedings were terminated through summary judgment, this court must determine whether there exists a genuine issue as to any material fact and whether the materialmen were entitled to judgment as a matter of law. CR 56(c); *Erdman v. Lower Yakima Vly. B.P.O.E. Lodge 2112*, 41 Wn. App. 197, 202, 704 P.2d 150, *review denied*, 104 Wn.2d 1030 (1985).

Sheffels contends RCW 60.04.010 which provides for labor and materialmen's liens must be strictly construed and since Kachelmier is not a licensed contractor, the materialmen cannot claim a lien for material supplied at his request. Moreover, Kachelmier cannot be deemed Sheffels' statutory agent since only licensed contractors or subcontractors can be deemed agents. Common law agency principles are not applicable because the statute cannot be expanded to include agents other than those enumerated in the statute, and although RCW 18.27.090(10) allows unregistered contractors to perform farm work, there is no language in RCW 60.04.010 making an unregistered contractor a statutory agent of a farmer.

The construction of a statute is a question of law for the court. *Hastings v. Department of Labor & Indus.*, 24 Wn.2d 1, 12, 163 P.2d 142 (1945). The statutes are found in the Registration of Contractors Act, RCW 18.27.010 *et seq.*, and RCW 60.04.010 *et seq.*, providing for mechanics' liens. RCW 60.04.010 provides in pertinent part:

> Lien authorized—Bond by railroad company. Every person . . . furnishing material, or renting, leasing or otherwise supplying equipment, to be used in the construction . . . of any . . . building . . . has a lien upon the same for the . . . material furnished, or equipment supplied . . . whether . . . furnished, or supplied at the instance of the owner of the property subject to the lien or his agent; and every registered or licensed contractor, registered or licensed subcontractor, architect, or person

having charge, of the construction, alteration or repair of any property subject to the lien as aforesaid, shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this chapter . . . Contractors or subcontractors required to be registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW shall be deemed the agents of the owner for the purposes of establishing the lien created by this chapter only if so registered or licensed.

The Registration of Contractors Act, RCW 18.27.010 *et seq.*, regulates contractors in Washington. Failure to comply with this act subjects the contractor to a civil penalty: he is denied access to the courts to seek compensation for work (for which registration is required) unless he alleges and proves he was properly registered. Comment, *Statutory Denial of Judicial Relief to Unregistered Contractors— Washington's Regulation of Builders Creates Property Owners' Windfall*, 14 Gonz. L. Rev. 647, 648 (1979).

A person performing construction work who seeks to avoid the penalties imposed by the Act must prove that he was a duly licensed contractor, or that he was not required to register under the Act because he is not a "contractor" as defined in the statute, or that he is exempt from the Act.

(Footnote omitted.) 14 Gonz. L. Rev., at 648–49.

■ RCW 18.27.090(10) exempts from the registration requirement, "Any construction or operation incidental to . . . farming [or] agriculture . . ." It has been held the painting and sandblasting of a grain elevator falls within this exception, *Jeanneret v. Rees*, 82 Wn.2d 404, 407, 511 P.2d 60 (1973), *overruled on other grounds in Bremmeyer v. Peter Kiewit Sons Co.*, 90 Wn.2d 787, 793, 585 P.2d 1174 (1978), as well as the construction of a grain elevator. *Fraenkel v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 40 Cal. 2d 845, 256 P.2d 569 (1953) (construing similar statutory language); *Dixon v. Feffer*, 84 Ariz. 308, 327 P.2d 994 (1958). Here, the work Kachelmier contracted to perform in building the grain storage unit is construction incidental to farming. Thus, Kachelmier was exempt from the registra-

tion requirement. *Accord, Executive Landscape Corp. v. San Vicente Country Villas IV Ass'n,* 145 Cal. App. 3d 496, 193 Cal. Rptr. 377 (1983); *Olsen & Sons Logging, Ltd. v. Owens,* 607 P.2d 949 (Alaska 1980).

A rationale for this exception is suggested in *Fraenkel,* at 849:

> [T]he Legislature may well have had in mind prevailing conditions in many rural districts where there are few, if any, licensed contractors and where other persons in the area having the necessary training and experience are readily available for doing various construction jobs as the need may arise. Moreover, many farmers themselves develop special skill in various construction trades qualifying them for contracting among themselves for undertaking the erection of structural improvements upon neighboring farms and yet they are not regularly licensed for such occasionally performed work.

██ The materialmen argue because Kachelmier was exempt from the registration requirement, he fit within the category of "person having charge, of the construction". RCW 60.04.010. Sheffels claims such an interpretation effectively allows any nonregistered contractor or subcontractor to avoid the registration requirement by asserting he was a "person having charge of the construction". We find the materialmen's interpretation more persuasive, particularly in light of the well settled rule that statutes are to be harmonized where possible. *See Walton v. Absher Constr. Co.,* 101 Wn.2d 238, 242, 676 P.2d 1002 (1984). Furthermore, such an interpretation accords with the policies underlying the statutes.

> The contractor's law has a different purpose from the lien law. The purpose of the contractor's registration act is to prevent victimizing of the public by unreliable, fraudulent and incompetent contractors. The lien law protects persons who furnish labor and materials to the exclusion of mortgages not shown of record before the inception of the lien.

*Harbor Millwork, Inc. v. Achttien,* 6 Wn. App. 808, 815, 496 P.2d 978 (1972). *Harbor Millwork* further notes at page 815 that each statute is to receive an interpretation consis-

tent with its own purpose.

> Interpretations of one statute supply no talisman for interpreting the other. The exemptions provided in the contractor's registration act do not necessarily exclude foreclosure of a mechanics' or materialmen's lien.

*Harbor Millwork,* at 816. We hold the court's order permitting foreclosure of the liens was proper.

Both parties have requested attorney fees and costs based on RCW 60.04.130. RCW 60.04.130 provides in pertinent part: "The court may allow to the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the . . . court of appeals . . ." Since the materialmen are the prevailing parties on appeal and have complied with RAP 18.1, they are granted reasonable attorney fees and costs in the amount of $2,270.

Affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court October 7, 1986.