[No. 22130-2-I. Division One. August 14, 1989.]

WESTERN COMMUNITY BANK, *Respondent,* v. EARNEST L. GRICE, ET AL, *Appellants.*

*Howard P. Pruzan, Larry L. Barokas,* and *Miracle, Pruzan & Morrow,* for appellants.

*David M. Dean* and *Warren, Kellogg, Barber, Dean & Fontes, P.S.,* for respondent.

PEKELIS, J.—Earnest L. Grice, Hattie A. Grice and Earnest L. Grice & Sons, Inc., appeal from an order of the Superior Court granting a motion under CR 60(a). The court ruled that "no satisfaction of the judgment previously entered in this matter" had occurred and reinstated the Grices' original indebtedness. We reverse.

During the period from June 1985 through June 1986, Earnest and Hattie Grice executed three promissory notes in favor of Western Community Bank. One of these promissory notes was secured by a certificate of deposit in the name of Earnest L. Grice & Sons, Inc. (Grice, Inc.).

When the Grices failed to pay the promissory notes upon maturity, Western commenced an action against the Grices and Grice, Inc., to recover the balance due under the notes. Default judgments were entered against the Grices and Grice, Inc. The Grices moved to set aside these default judgments, but the parties entered into an agreement resolving their dispute before the hearing on the motion took place. Western then filed satisfactions of judgment in favor of the Grices on November 21, 1985.

Almost 2½ years later, on March 15, 1988, Western filed a "Motion to Correct Record Re: Satisfaction of Judgment" based on CR 60(a). Western asserted that the Grices were not entitled to a satisfaction of judgment because they had

not executed the documents specified in the parties' agreement. Western submitted the affidavit of Kenneth L. Blondin, vice–president of Western, to support its assertion.

Earnest Grice disputed Western's assertion that the required documents had not been executed. He contended that, to the best of his knowledge, all documents representing the Grices' agreement with Western had been signed. The actual agreement of the parties and the steps taken in fulfillment of this agreement were not part of the evidence before the trial court. Nevertheless, based apparently on the affidavits of Kenneth Blondin and Earnest Grice, the trial court decreed that "no satisfaction of the judgment previously entered in this matter has occurred and the original indebtedness of the defendants is still in existence."

The Grices appeal contending that the trial court erred in relying on CR 60(a) to "correct" the record to show that no satisfaction of judgment had occurred. They argue that the trial court's order resulted in a substantive change, whereas CR 60(a) deals only with the correction of clerical mistakes. Western contends that the error arose from oversight or omission, which may be corrected under CR 60(a).

The trial court granted Western relief from the satisfactions of judgment under CR 60(a), apparently accepting Western's contention that the satisfactions of judgment had been erroneously filed. The issue presented by this case is whether such an error can justify relief under CR 60(a).

 CR 60(a) states:

> **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or ·omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

The decision to grant a motion based on CR 60(a) is generally within the discretion of the trial court. *Foster v. Knutson,* 10 Wn. App. 175, 516 P.2d 786 (1973). However, the construction of a court rule, the issue presented here, is

governed by ordinary principles of statutory construction. *State v. Baxter,* 45 Wn. App. 533, 540, 726 P.2d 1247 (1986). Since construction of a statute is a question of law for the court, *Mike's Rental Mach., Inc. v. Corbett Draw Farms, Inc.,* 44 Wn. App. 257, 259, 721 P.2d 1000, *review denied,* 107 Wn.2d 1003 (1986), we determine as a matter of law the construction of CR 60(a).

■■ It is well established that CR 60(a) is designed for the correction of mere mechanical mistakes only and cannot be used to effect substantive changes. *Foster,* 10 Wn. App. at 177. Moreover, the language of the rule provides only for the correction of mistakes and errors *within* a judgment or order, not for the vacation of a judgment or order. It is therefore apparent that CR 60(a) cannot be used to vacate a satisfaction of judgment which a party later contends was erroneously filed.

Here, the trial court's action did exactly this. The court, in effect, vacated the satisfactions of judgment and reinstated the Grices' original indebtedness. This action far exceeded the intended scope of CR 60(a). We therefore conclude that the trial court erred in relying on CR 60(a) to vacate the satisfactions of judgment filed by Western.

Western contends, however, that even if the trial court did err, any error was harmless because it could have obtained relief under CR 60(b) or in an independent equitable action. We do not agree. It is by no means clear that it could have obtained relief under CR 60(b).[1] Moreover, whether a CR 60(b) motion or an equitable action would have been successful is impossible to decide since Western

---

[1]Washington courts have not yet decided the issue of whether a satisfaction of judgment can be set aside under CR 60(b). Courts from other jurisdictions which have adopted the same rule disagree on this issue. The Montana Supreme Court held that a party may not be relieved from a satisfaction of judgment under the rule. *McGee v. Burlington Northern, Inc.,* 179 Mont. 1, 585 P.2d 1296, 1297 (1978). A Florida court of appeals rejected the holding of the Montana court, holding that the rule can be used to set aside a mistakenly entered satisfaction of judgment under proper circumstances. *Ford Motor Credit Co. v. Simmons,* 421 So. 2d 698, 700 (Fla. Dist. Ct. App. 1982).

failed to litigate this below and thus did not give the trial court an opportunity to rule on these issues.

Most importantly, even if CR 60(b) or an independent equitable action does provide grounds for the kind of relief sought by Western, the evidence before the trial court failed to establish that such relief was appropriate here. Nothing in the record supported Western's bare assertion. The parties' agreement was not placed in evidence, and Earnest Grice disputed Western's claim that the Grices had not complied with its terms.

For these reasons, we conclude the error cannot be deemed harmless. We reverse and order that the satisfactions of judgment be reinstated.

SCHOLFIELD and WEBSTER, JJ., concur.