113 N.J. Super. 315 (1971)
273 A.2d 765
THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF DOVER, ETC., PETITIONER-APPELLANT,
v.
TEXLITE, INC., ETC., AND DIVISION OF TAX APPEALS OF THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENTS. THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF DOVER, ETC., PETITIONER-APPELLANT,
v.
BRIGGS MANUFACTURING COMPANY, ETC., AND DIVISION OF TAX APPEALS OF THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENTS.
[DOCKET Nos. A-369-69, A-714-69].
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1971.
Decided February 8, 1971.
*317 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Erhard B. Thierfelder argued the cause for appellant.
Mr. Harry L. Sears argued the cause for respondents Texlite, Inc. and Briggs Manufacturing Company (Messrs. Young and Sears, attorneys).
Statement in lieu of brief filed by Mr. Herbert K. Glickman, Deputy Attorney General, for respondent Division of Tax Appeals (Mr. George F. Kugler, Jr., Attorney General, attorney).

AS TO TEXLITE, INC.
The opinion of the court was delivered by CONFORD, P.J.A.D.
This appeal involves the correctness of a determination of the Division of Tax Appeals reducing this taxpayer's gross personal property valuation of business inventories for the tax year 1967 from $258,536 to $170,000 and the corresponding assessment thereof from $30,378 to $18,330.
The original assessment was in conformity with a return duly filed by the company with the municipal assessor. The corporation was later taken over by the Glen Alden Corporation, and a Mr. Barch, a representative of that organization, testified before the Division that a mistake had been made in the preparation of the original return. Although his testimony was not very clear, examination thereof in the light of *318 the schedule attached to the return appears to lend substance to the claim of mistake: the schedule purports to show how the disclosed average inventory of $258,536 during the pertinent inventory valuation year  1965  was arrived at.
In the foregoing regard, it should first be noted that raw material inventory is exempt. N.J.S.A. 54:4-11 (as amended by L. 1964, c. 141, § 3). The original schedule arrived at the aforesaid figure of $258,536 in purported accordance with the "Average Inventories  Percentage of Gross Profits" method. It listed four quarterly 1965 figures in the column for "Gross Quarterly Inventory", totaling $1,215,812. It deducted therefrom a figure for raw materials of $181,688 not indicated to be a total of any corresponding quarterly figures for raw materials, thereby arriving at a remainder of $1,034,144. This sum was divided by 4 to produce an average for the year of $258,536 as representing inventories other than raw materials. Barch testified that the $181,688 figure represented only the year-end raw material inventory; that the correct initial quarterly figure was $80,000, and that the average inventory for raw material throughout the year was $130,000.
In effect, the argument of the taxpayer was that the latter figure should be multiplied by 4, to correspond with the method of determining Gross Quarterly Inventory as shown on the original return, and thereby avoid a distorting result. This would yield $520,000, which, when deducted from the gross inventory aggregate shown above, would give a remainder of $680,000 instead of the $1,034,144 shown on the return. Dividing the $680,000 by 4 produces the alleged true average taxable inventory of $170,000 claimed by the taxpayer and allowed by the Division.
While we understand the taxpayer's argument we are not satisfied that proper or adequate supporting proofs were adduced or satisfactory findings of fact made by the Division. Barch had no connection with the Texlite Company during 1965, when the inventories in question accrued, and, in the absence of an explanation not apparent on this record, could *319 have had no personal knowledge thereof. He offered no company records or other data to substantiate his assertions that $181,688 was only a year-end figure for raw materials, or $130,000 the average thereof throughout the year. The testimony was purely conclusional and the source not indicated. Better proof was required to overcome the probative effect of the company's own original return.
The finding by the Division judge was merely that "it was quite obvious" that the "office personnel" had made errors in the tax return, without stating what those errors were, or making any other findings explanatory of the Division's final judgment. The findings were inadequate. See Jas. M. McCunn & Co., Inc. v. Fleming & McCaig, Inc., 81 N.J. Super. 97, 105 (App. Div. 1963).
For the foregoing reasons the Texlite matter must be remanded for rehearing at which the taxpayer will be required to adduce competent and satisfactory proofs establishing its claim of mistake in the original return and the Division to make appropriate and specific explanatory findings of fact.
In so directing, we reject the town's argument that the taxpayer was barred from establishing its true taxable valuation by its own contrary return. We find nothing in the tax statutes or any authoritative decision in this State conclusively binding the taxpayer to its return and barring it from seeking relief on an appeal from an incorrect assessment even where based on the taxpayer's own incorrect return. The return is evidential against the taxpayer, but in the absence of fraud or bad faith rebuttable. See 51 Am. Jur., Taxation, § 667 at 629. We do not regard Kirkpatrick v. Board of Assessors, 57 N.J.L. 53 (Sup. Ct. 1894), as clear or cogent authority for a contrary position.

AS TO BRIGGS MANUFACTURING COMPANY
This appeal involves taxability in Dover of business machinery and equipment for the tax year 1967. Under the *320 amendment by L. 1965, c. 20, § 1 of N.J.S.A. 54:4-12, which would appear to have become operative beginning with the tax year 1966, property "used in business within the taxing district during any part of the 12-month period ending on the preceding listing date" is taxable therein, but as of its fair value on the listing date. January 1, 1966 is the "listing date" for the tax year 1967. N.J.S.A. 54:4-11.
The same Mr. Barch who testified in the Texlite case also testified in the Briggs case. Barch had no connection with Briggs in 1964 or 1965 and apparently no personal knowledge concerning its property or operations during those years. Before he became associated with the firm Briggs filed a tax return in Dover showing a valuation as of January 1, 1966 for business machinery and equipment of $534,140. At the hearing before the Division Barch testified that except for a furnace allegedly worth $32,000 all of the other equipment of Briggs was moved from Dover to the Briggs' plant in Michigan beginning "probably" in November, and "[being] substantially completed in December of 1965".
Apparently on the basis of the taxpayer's argument at the hearing that "the property was removed before the end of 1965" the Division entered judgment reducing the assessment for business equipment to a figure based upon the furnace valuation of $32,000 given by Barch. This was erroneous.
As the statute clearly indicates, any property used in business in Dover at any time during the calendar year 1965 was taxable for the tax year 1967, albeit as of its value on January 1, 1966. The phrase "used in business," as employed in N.J.S.A. 54:4-12, must be read in pari materia with the definition thereof in N.J.S.A. 54:4-11, as amended in L. 1964, c. 141, § 3, which reads:
The term "used in business" shall mean used in any activity, transaction or privilege engaged in, conducted or exercised for gain or profit, or held for such use. [Emphasis added]
Thus, any business machinery or equipment of Briggs located in Dover at any time during the calendar year 1965 *321 was taxable for the tax year 1967 if used in business in Dover or held there for business use and could not be lawfully exempted merely because removed from Dover near the end of 1965. This case is distinguishable, in respect of the critical date or time of location of the property in the taxing district, from Bayonne v. International Nickel Co., Inc., 104 N.J. Super. 45 (1968), aff'd o.b. 54 N.J. 94 (1969), app. dism. 396 U.S. 111, 90 S.Ct. 396, 24 L.Ed.2d 304 (1969), as that case involved the tax year 1965 and was therefore decided without the application of the 1965 amendment of N.J.S.A. 54:4-12 which is functionally inapplicable to tax years prior to 1966. In Bayonne, therefore, the critical date or time of location was determined to be the same as the "listing" or assessing date  January 1 of the year preceding the tax year  as specified by the 1964 amendment of N.J.S.A. 54:4-11.
To return to the instant case, Barch testified that Briggs ceased manufacturing water heaters  the operation in which the equipment in question was used  in 1964. The company argues that therefore the equipment was not used in business in Dover at any time during 1965 even though not removed from Dover before the end of the year. Assuming, arguendo, Barch's testimony is competent or satisfactory for this purpose, the foregoing does not negate the thesis that the property was being held in Dover in 1965 for business use, whether the intended use was to be in Dover or elsewhere. Physical presence of property in a taxing district ordinarily renders it taxable there unless a clear intention contra is to be found in the taxing statute. See Finnegan v. State Board of Tax Appeals, 131 N.J.L. 276, 278 (Sup. Ct. 1944).
Since the point of statutory construction hereinabove discussed was not pinpointed at the Division hearing the taxpayer will be allowed an opportunity at a rehearing to establish, if it can, that the property in question was neither used in business in Dover nor held there for such use, during any part of the calendar year 1965; or that such property as was so used or held had a taxable value of less than that *322 used by the Dover assessor in making the 1967 assessment. But, for reasons stated in the Texlite case, the proof will have to be adduced through persons having first-hand knowledge of the material facts, not Mr. Barch, who did not, or the case made by other competent and satisfactory proof. Proper supporting findings of fact must be made by the Division in support of any judgment it renders. The opinion of the Division in this case relates some of the evidence but is devoid of express findings of fact keyed to appropriate conclusions of law.
We note extended protraction of the decisions in these cases after conclusion of the hearings in the Division. The remand directed herein should be executed with dispatch.
Both cases remanded for rehearing and redetermination as directed above. No costs. We do not retain jurisdiction.