**OLSEN & SONS LOGGING, LTD., an Alaska Corporation, Appellant and Cross-Appellee,**

v.

**Gene OWENS, d/b/a GFO Drilling, Appellee and Cross-Appellant.**

Nos. 3758, 4558.

Supreme Court of Alaska.

March 7, 1980.

OPINION

BOOCHEVER, Justice.

A dispute as to the quantity of rock furnished by Gene Owens to Olsen & Sons Logging, Ltd., gave rise to this litigation. In addition to disputing the quantity of rock involved, Olsen contended that Owens was a contractor who was not registered and thus was barred from bringing suit under the provisions of AS 08.18.011–.171. The trial court entered a detailed written memorandum of decision holding that: (1) Owens was not a contractor as defined in AS 08.18.071(2), but even if he were, he was exempted from the licensing requirements; and (2) after deduction of various credits, Owens was entitled to receive $32,902.69 together with interest from Olsen. Olsen has appealed from the judgment, and Owens has cross-appealed, contending that he is entitled to a larger sum based on an alleged admission contained in Olsen's income tax return.

Although we do not decide whether Owens was a contractor as defined by AS 08.18.171(2), we agree with the trial court's determination that the contract was exempt from the registration requirements of the act, and we find that the trial court did not commit error in determining the amount due Owens and the weight to be given the income tax return.

James F. Petersen, Juneau, for appellant and cross-appellee.

L. B. Jacobson, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellee and cross-appellant.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

I. THE CONTRACTOR REGISTRATION REQUIREMENT

AS 08.18.011 provides, in part, that it is unlawful for a person to work as a contractor until he has been issued a certificate of registration by the Department of Commerce. A contractor is prohibited from bringing an action in the state courts for collection of compensation for the performance of work for which registration is required.[1] The registration requirement is

1. AS 08.18.151 provides:
    *Legal actions by contractor.* No person acting in the capacity of a contractor may bring an action in a court of this state for the collection of compensation for the perform-
    ance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that he was a registered contractor at the time he contracted for the performance of the work.

subject to certain exceptions, however, which are set forth in AS 08.18.161. To determine whether the Act applies to Owens, we shall summarize the circumstances giving rise to his agreement with Olsen.

The U. S. Forest Service awarded a timber sale contract for approximately 693 million board feet to Alaska Lumber and Pulp Co., Inc. (ALP), requiring the construction of specified logging roads on U. S. Forest Service property. Olsen entered into a subcontract with ALP to log and construct logging roads on Mitkof Island in the Tongass National Forest. Olsen in turn contracted with Owens to drill and shoot rock from a U. S. Forest Service quarry. The rock was to be furnished in place to Olsen for use on the roads. Owens also agreed to drill and shoot, to a depth as specified on plans, a section of the roadway referred to as the "thru cut" area.

A contractor is defined in the Alaska contractor licensing statute as meaning

a person who, in the pursuit of an independent business, undertakes or offers to perform, or claims to have the capacity to perform, or submits a bid for a project to construct, alter, repair, move or demolish a building, highway, road, railroad, or any type of fixed structure, including excavation and site development and erection of scaffolding . . . .[2]

Olsen contends that because Owens agreed to drill and shoot the "thru cut" area of the road he was engaging in the construction of the road. The trial court concluded that Owens was merely a materialman furnishing rock and thus was not a "contractor" under the terms of the Act. One who merely furnishes material to an owner or contractor is generally not a "con-

tractor" under statutes similar to Alaska's licensing act.[3] In any event, AS 08.18.-161(8) exempts from the requirements of the Act "a person who only furnished materials, supplies or equipment without fabricating them into, or consuming them in the performance of, the work of the contractor." We shall not resolve the question of whether Owens is a "contractor" since we believe that even if Owens may be considered to be a contractor, his work is otherwise exempted from the coverage of the Act.

■ AS 08.18.161(7) exempts construction carried on within the boundaries of a site under the legal jurisdiction of the federal government, and subsection (14) exempts a person performing construction work incidental to logging.[4]

There would appear to be no question that Owens' work comes under the literal language of those exemptions. It is undisputed that the road construction was required under ALP's contract with the U. S. Forest Service and thus may be regarded as a federal project. Moreover, the work was supervised by the U. S. Forest Service, and took place on federal land.

Moreover, the basic contract was for the sale of timber which was to be logged. The road construction, while possibly serving other purposes, was incidental to the logging contract.

The manner in which exemptions have been construed under similar licensing statutes is illustrated by *Martinson v. Publishers Forest Products Co.*, 11 Wash.App.2d 42, 521 P.2d 233 (1974). In that case, the plaintiff entered into an agreement to log timber and to repair and construct access

2. AS 08.18.171(2).

3. *See generally* Annot. 19 A.L.R.3d 1407 (1968).

4. AS 08.18.161 provides in part:
   This chapter does not apply to:

   . . . . .
   (7) construction, alteration, or repair carried on within the boundaries of a site under legal jurisdiction of the federal government;

   (8) a person who only furnished materials, supplies or equipment without fabricating them into, or consuming them in the performance of, the work of the contractor;

   . . . . .
   (14) a person performing construction work incidental to farming, dairying, agriculture, horticulture, stock or poultry raising, mining, logging, fishing, clearing or other work upon the land in rural districts for fire prevention purposes, or access road building, unless the person is a licensee.

roads. Plaintiff sued for sums allegedly due, and one defense was that plaintiff was not licensed as a contractor in accordance with the requirement of a Washington statute, which made compliance a prerequisite to maintaining an action. The Washington statute contained an exemption, RCW 18.-27.090(10), for construction or operation incidental to clearing or other work upon land in rural districts for fire protection purposes. The court stated:

> The logging engineer for the defendant testified that the purpose of the spur roads and of the logging roads once the logging was completed was for fire protection and management of the new stand. He further testified that some of the spur roads would be kept open for 4-wheel vehicles for fire protection after the spur roads were no longer used for logging. The primary purpose of the construction of the roads was for logging access, but an important incidental purpose was fire prevention. The plaintiff was not required to register under RCW 18.27.[5]

It would appear that the connection of the work performed by Owens to logging is less tenuous than that of Martinson to fire protection.

In *Sumner Development Corp. v. Shivers*, 517 P.2d 757 (Alaska 1974), we discussed the applicable considerations in applying the contractor licensing provisions:

> Statutes which cause forfeitures are not favored. Where a bar to legal action is not mandated we approach the case from our own view of intelligent policy and with the thought of doing justice between the parties. Here, however, the legislature chose the closing of the doors of the courts as a fundamental tool to enforce its policy of ensuring competence and financial responsibility in those who

undertake work as contractors. We are bound to enforce the legislative policies as we find them expressed in AS 08.18.-011 et seq.[6]

While we will not engraft equitable exceptions to the licensing requirements,[7] we see no reason why the statute should be given strained constructions as urged by Olsen. We hold that Owens was exempted from the registration requirements of the statute.

## II. THE AMOUNT OF THE JUDGMENT

■ As Olsen concedes in its brief, the decision as to the quantity of rock supplied by Olsen is based on the trial court's finding of fact. Findings of fact of a trial court will not be set aside unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses.[8] For a finding to be clearly erroneous, it must leave the reviewing court with the definite and firm conviction on the entire record that a mistake has been made, although there may be evidence to support the finding.[9]

■ Here the parties initially believed that the Forest Service would run cross-sections on the quarry pit to determine the amount of material used. Although a Forest Service employee made a cross-section of at least a portion of the quarry pit prior to blasting by Owens, no cross-section was attempted by the agency at the conclusion of the work. Testimony was given by various experts relying on differing methods of computing the quantity used. The trial judge in his carefully detailed memorandum of decision specified the manner in which the quantity of rock was determined. There is ample evidence to support the court's finding, and our review of the evi-

---

**5.** 521 P.2d at 237.

**6.** 517 P.2d at 763.

**7.** *Id.*

**8.** Civil Rule 52(a). *See Hausam v. Wodrich*, 574 P.2d 805, 810 (Alaska 1978); *Jackson v. White*, 556 P.2d 530, 533 (Alaska 1976).

**9.** *Lewis v. Anchorage Asphalt Paving Co.*, 579 P.2d 532, 534 (Alaska 1978); *Curt's Trucking Co. v. City of Anchorage*, 578 P.2d 975, 977 n.6 (Alaska 1978); *Jamison v. Consolidated Utilities, Inc.*, 576 P.2d 97, 104 n.14 (Alaska 1978).

dence fails to establish a definite and firm conviction that a mistake has been made. We hold that the trial court did not err in rendering its finding as to the quantity of rock produced by Owens.

## III.   THE CROSS CLAIM

Olsen's corporate income tax return for 1975, which was signed by its president, listed an expense item based on the amount that Owens claimed was due him. That sum was considerably higher than the amount awarded by the trial court. Owens contends that the income tax return constitutes a binding admission. Olsen explained that the return was on an accrual basis, and that the president, in signing it, relied on the expertise of the firm's accountants, Sites & Company, Inc. Judge Compton accepted the explanation furnished by Olsen.

█ Even most of the authorities cited by Owens recognize that evidence based on a tax return is rebuttable.[10] It was certain-

ly plausible that the Olsens relied on their accountants and could thus believe it was proper to include the full amount of the contingent liability as an accrued expense, regardless of whether this was the correct method of reporting according to Internal Revenue Service regulations. It is the trial court's function and not that of a reviewing court to determine the credibility of witnesses and the weight to be given evidence.[11] We hold that it was not error for the trial court to accept the explanation furnished and to give little or no weight to the evidence of the income tax return.

AFFIRMED.

---

10.   *See State Securities Co. v. Federated Mutual Implement and Hard. Ins. Co.*, 204 F.Supp. 207 (D.Neb.1960); *Truncale v. Blumberg*, 88 F.Supp. 677 (S.D.N.Y.), aff'd, 182 F.2d 1021 (2d Cir. 1950); *Porter v. Porter*, 67 Ariz. 273, 195 P.2d 132 (1948); *Mayor and Bd. of Aldermen v. Texlite, Inc.*, 113 N.J.Super. 315, 273 A.2d 765

(1971);   *Plummer v. Leonhard*, 44 Wis.2d 686, 172 N.W.2d 1 (1969).

11.   *Alaska Placer Co. v. Lee*, 455 P.2d 218, 224 (Alaska 1969); *Associated Engineers & Contractors, Inc. v. H. & W. Constr. Co.*, 438 P.2d 224, 227–28 (Alaska 1968).